# Crawford *against* Crawford.

A sale of land by an administrator for the payment of debts divests the lien of recognizances taken in the orphan's court to secure the interests of the heirs whose estate was taken under the intestate laws at the valuation.

A release of part of land from a lien does not discharge the residue, either entirely or *pro tanto*. It is otherwise as regards a quit rent, which issues out of every part of the land.

ERROR to *Dauphin* county.

John Crawford died intestate, seised of a tract of land : by a proceeding under the intestate laws, the estate was vested in William Crawford, who entered into recognizances to secure the payment of the shares of the other heirs. On one of those recognizances this suit was brought, with notice to Thomas Finney and Daniel Mertz, terre-tenants. The defendant proved, that William Crawford died, having first made a will by which he devised the land to his brother John ; that it was sold by the sheriff as the property of John, and purchased by Samuel Finney, who sold it to Peter Finney, who died intestate seised of it, and whose administrator, by order of the orphan's court, sold it for the payment of debts to Thomas Finney, the terre-tenant, who sold a part of it to Daniel Mertz, the other terre-tenant. When Finney sold to Mertz, the plaintiff released that part of the land sold from the lien of the recognizance. Defence was made for the terre-tenants, on the ground that the judicial sales of the land divested the lien of the recognizance, and that the release of part of the land by the plaintiff was a release of the whole. The court below ruled both points against the defendant, and the plaintiff recovered.

*Fisher*, for plaintiff in error.
*M'Clure* and *Weidman*, contra.

[Crawford v. Crawford.]

PER CURIAM.—To say nothing of the effect of the sheriff's sale, the twenty-first section of the act of 1794, which directs a sale for payment of debts under an order of the orphan's court, declares that the purchaser shall hold the land discharged of the intestate's debts; and here the intestate may be said to have been indebted in respect of the land. The only constructive exception made by the courts is the case of a mortgage. This act could not have been brought into the view of the court, or it would have been perceived that, with the exception of the widow's part (if she were then living) which is in any event to be an abiding charge, it ruled the cause. Nor, as regards the children's share, could there be much difficulty in reaching the same conclusion; as a recognizance in the orphan's court is analogous to a judgment, except that its lien is a specific one. As to the direction prayed for, it is sufficient to say that it was properly refused to be given. The release of part of the land from a lien, does not discharge the residue either entirely or *pro tanto;* and in this respect it differs from a release of part of the premises from a quitrent, because that *issues* out of every part of the land, and it therefore depends on peculiar principles.

Judgment reversed, and a *venire de novo* awarded.